[Cite as *In re Williams*, 2023-Ohio-3339.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IN RE: ANTHONY E. WILLIAMS | Case No. 2022-00600VI |
| ANTHONY E. WILLIAMS | Magistrate Holly True Shaver |
| Applicant | <u>DECISION OF THE MAGISTRATE</u> |

**{¶1}** On December 23, 2021, Anthony E. Williams ("applicant"), filed a compensation application as a result of injuries he sustained during a motor vehicle collision involving a fleeing suspect on December 5, 2020. The Attorney General ("AG") rendered a finding of fact and decision on April 21, 2022, denying applicant's claim because he failed to provide necessary documentation and authorization forms for the AG to conduct an investigation. On May 20, 2022, applicant filed a request for reconsideration of the AG's decision stating that applicant had provided the documentation. On July 11, 2022, the AG issued a final decision stating that applicant still had not provided all the necessary documentation and authorizations. On August 11, 2022, applicant filed a notice of appeal stating that he had, in fact, provided all the necessary documentation and authorizations.

**{¶2}** A hearing was held before this magistrate on July 18, 2023, at 11:00 a.m. Applicant, his attorney, John B. Gibbons, and Assistant Attorney General ("AAG") Megan Hanke attended the hearing.

**{¶3}** AAG Hanke stated that the parties had discussed this matter prior to the hearing and were in agreement that applicant would sign the necessary authorization forms. The parties requested that the case be remanded to the AG for further investigation.

**{¶4}** Therefore, I recommend that this case be remanded to the Attorney General for further investigation and economic loss calculations.

**{¶5}** A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during

that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)*(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

 

HOLLY TRUE SHAVER
Magistrate

Filed 07/19/2023
Sent to S.C. Reporter 9/20/23

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IN RE: ANTHONY E. WILLIAMS | Case No. 2022-00600VI |
| ANTHONY E. WILLIAMS | Judge Lisa L. Sadler |
| Applicant | <u>ORDER</u> |

{¶6} On July 18, 2023, a hearing was held in this matter before a Magistrate of this court. On July 19, 2023, the Magistrate issued a Decision wherein she found that the parties had discussed the matter prior to the hearing and were in agreement that applicant would sign the necessary authorization forms. The magistrate recommended that the case be remanded to the Attorney General for further investigation and economic loss calculations.

{¶7} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." No objections were filed.

{¶8} Upon review of the claim file, and the Magistrate's Decision, it is the Court's finding that the Magistrate was correct in her analysis of the issues and application of the law. Accordingly, this court adopts the Magistrate's Decision and recommendation as its own.

{¶9} IT IS HEREBY ORDERED THAT

{¶10} The July 19, 2023 Decision of the Magistrate is ADOPTED;

{¶11} This claim is REMANDED and judgment entered for applicant;

{¶12} Costs assumed by the reparations fund.

LISA L. SADLER
Judge

Filed 08/03/2023
Sent to S.C. Reporter 9/20/23